34 F.3d 1067
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jonathan Wayne HADRICK, Defendant-Appellant.
 No. 93-5842.
 United States Court of Appeals, Fourth Circuit.
 Argued June 9, 1994.
Decided September 1, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CR-92-402).
 Argued: Jane Carol Norman, Bond, Conte & Norman, Washington, DC, for Appellant.
 Argued: Andrew C. White, Assistant United States Attorney, Baltimore, MD. On brief: Lynne A. Battaglia, United States Attorney, Baltimore, MD, for Appellee.
 Before ERVIN, Chief Judge, WILKINS, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Jonathan Wayne Hadrick appeals a judgment convicting him of violating 18 U.S.C. Sec. 922(g)(1), which prohibits a felon from possessing a firearm and ammunition. He assigns error to several of the district court's rulings relating to the admission of evidence, to the prosecutor's comments upon Hadrick's failure to testify, and to the sentence that the court imposed. Finding no error, we affirm.
 
 
 2
 The police seized a sawed-off shotgun and ammunition when they arrested Hadrick on an outstanding warrant. The district court findings that the warrant was valid and that Hadrick was searched after being arrested are amply supported by the evidence. Ruling that the search was incident to the arrest, the district court properly denied Hadrick's motion to suppress. See New York v. Belton, 453 U.S. 454, 457-61 (1981). We find no error in other evidentiary rulings.
 
 
 3
 During a criminal trial, the prosecution may not call to the jury's attention a defendant's failure to testify. Griffin v. California, 380 U.S. 609 (1965). The record discloses, however, that the prosecution in closing argument commented upon the failure of defense counsel, as opposed to failure of the defendant, to respond to certain evidence against the defendant that was presented at trial. Consequently, the prosecutor's comments did not infringe Hadrick's Fifth Amendment privilege against self-incrimination. United States v. Mares, 940 F.2d 455, 460-61 (9th Cir.1991); United States v. Dearden, 546 F.2d 622, 625 (5th Cir.1977).
 
 
 4
 In view of Hadrick's extensive criminal record, the district court did not err in sentencing him pursuant to 18 U.S.C. Sec. 924(e) as an armed career criminal.
 
 AFFIRMED